THE STATE, THOMAS WHITE AND SAMUEL C. WHITE,
   PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE
   CITY OF BAYONNE ET AL.

1. Where a charter requires that an improvement ordinance shall be
   referred to the commissioners of assessments and a city surveyor not
   interested in the improvement, a reference to the commissioners only
   is irregular.
2. The publication of the time and place of hearing objections to the
   report of the commissioners must conform strictly to the requirements
   of the charter.

This writ brings up certain assessments made against the
property of the prosecutors, in the course of a proceeding
taken to open that part of Twenty-seventh street, in the city
of Bayonne, between the line of Avenue E and the line of
Avenue J, except where already opened.

Argued at November Term, 1886, before Justices REED,
MAGIE and PARKER.

For the prosecutors, *De Witt Van Buskirk.*

For the defendants, *W. D. Edwards.*

The opinion of the court was delivered by

REED, J.   The proceedings of which the questioned assess-
ments are a part were taken under the provisions of the
charter of the city of Bayonne. *Pamph. L.* 1872, *p.* 686,
§ 58.   A great number of reasons were filed attacking the
regularity of the proceeding at almost every step of its
progress.   The character of the contemplated improvement
and of the proceeding under the city charter being such that
up to this time the city has not been called upon to make
expensive outlays, therefore the prosecutors are at liberty to
attack the regularity of the proceeding at any stage.

Among the reasons filed there are those which allege defects

in the proceeding, which the records show to exist, and which we cannot fail to regard otherwise than as destroying the legality of the assessments.

The eighth reason points to the requirement of section 58 of the charter, that the ordinance to carry out the improvement shall be referred to the commissioners of assessments and a city surveyor not interested in such improvement, who shall make a map of such improvement. The reference was made to the commissioners of assessment only. No citation of authorities is necessary to support the principle established by repeated adjudications that the power conferred upon the council must be strictly pursued.

The failure to include a disinterested city surveyor in the reference was a defect which is fatal to the regularity of these proceedings.

Again, the ninth and tenth reasons point to the charter requirement that the commissioners of assessments shall file their map within twenty days after the reference to them, or such further time as the board of councilmen shall grant. The record shows that although several extensions were granted by the councilmen, yet the map was filed after the expiration of the time so granted. I think, however, it is a question not free from doubt whether the board of councilmen might not have ratified the late filing of the report and map. It is quite probable that the charter requirement that a notice of such filing should be given by posting notices and by publication in the official newspapers of the city would relieve this case from the effect of the rule laid down in the case of *Semon* v. *City of Trenton,* 18 *Vroom* 489. But the difficulty still remains, from the circumstance that the statutory notices do not seem to have been given, and this defect is covered by the eleventh reason, which refers us to the clause of section 58, which requires two weeks' notice, by publication in the official newspapers circulating in said city, of the time and place when and where the board of councilmen or a committee thereof will meet to hear or consider any objection to the report of the commissioners, such time not to be less

than ten days after the expiration of said two weeks. It appears that there were two official papers in Bayonne, and that the publication in one of them was one day short of the period required by the charter. This was a defect fatal to the legality of all the subsequent proceedings. It should also have appeared that the time and place of the advertised meeting of the board of councilmen or committee was fixed by the councilmen. *State* v. *Jersey City*, 1 *Dutcher* 309.

There is nothing in the record to show that this was done.

Although these irregularities are fatal to the validity of the assessments before us, yet it may be of use to remark, further, that the assessment itself is open to attack.

It appears quite clearly that of the sum assessed upon property as the amount of the cost of this improvement, a part was for the value of lands which had been already dedicated to the use of the public for the same purpose as is contemplated by the present improvement.

The assessments are vacated.